IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OMAR ANTWAN WALKER,            )
                              )
        Movant,               )
                              )    CRIMINAL ACTION FILE
v.                            )
                              )    NUMBER 1:03-cr-749-TCB
UNITED STATES OF AMERICA,      )
                              )
        Respondent.           )

# O R D E R

This case is currently before the Court on Magistrate Judge King's

Report and Recommendation (the "R&R") [161].  No objections to the R&R

have been filed.

A district judge has a duty to conduct a "careful and complete" review

of a magistrate judge's R&R.  *Williams v. Wainwright*, 681 F.2d 732, 732

(11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1]  Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions
issued before October 1, 1981, as well as all decisions issued after that date by a Unit B
panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain error in its factual or legal conclusions. Therefore, the Court ADOPTS AS ITS ORDER the R&R [161]. Movant's motion to vacate [160] is DENIED as successive, and the related civil action, No. 1:13-cv-1041-TCB-JFK, is DISMISSED. Further, Movant is DENIED a certificate of appealability.

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

IT IS SO ORDERED this 23rd day of April, 2013.

Timothy C. Batten, Sr.
United States District Judge